# EIN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

CML-MO HAF, LLC and RIALTO
CAPITAL MANAGEMENT, LLC,

*Plaintiffs*,

vs.

NATIONWIDE MUTUAL INSURANCE
COMPANY,

*Defendant.*

Case No.

## NOTICE OF REMOVAL

Defendant Nationwide Mutual Insurance Company ("Nationwide"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the above-captioned action from the Circuit Court of Jackson County, Missouri, Case No. 2016-CV10200, to the United States District Court for the Western District of Missouri. Nationwide asserts the following grounds supporting removal:

## I. NATURE OF THE INSTANT ACTION

1. This action involves allegations that Plaintiffs CML-MO HAF, LLC ("CML") and Rialto Capital Management, LLC ("Rialto") (collectively, "Plaintiffs") are additional insureds to Nationwide-issued policies of insurance issued to Dill Enterprises, Inc. ("Dill"), and sustained damages as a result of Nationwide's denial of coverage and a defense in a lawsuit captioned *Vogue Condominiums Owners Association, Inc. v. Hartley's Appliance and Furniture, Inc., et al.*, No. 1716-CV25285, currently pending in the Circuit Court of Jackson County, Missouri (the "Underlying Litigation").

2. On March 30, 2020, Plaintiffs filed their Petition in the Circuit Court of Jackson County, Missouri, Case No. 2016-CV10200 (the "State Court Action"). A copy of the Petition is attached as **Exhibit 1.**

3. In the Petition, Plaintiffs allege the "contracts between Dill and CML . . . required Dill to name Rialto and its affiliates as additional insureds under Dill's [Nationwide-issued] liability insurance policies." Pet. ¶ 9. Plaintiffs further allege the "Underlying Litigation involves numerous items of claimed damage," caused "in whole or in part either by Dill's acts or omissions or the acts or omissions of subcontractors working on Dill's behalf." Pet. ¶ 13.

4. In the instant action, Plaintiffs assert separate claims against Nationwide for "Breach of Contract" (Count I), "Declaratory Judgment" (Count II), and "Breach of the Duty of Good Faith and Fair Dealing" (Count III). Pet. at 5-7. Plaintiffs' Petition seeks, in part, an unspecified amount of actual and compensatory damages, attorney's fees (both already incurred and for the future), and punitive damages. *See generally* Pet.

## II.    PAPERS FROM THE REMOVED ACTION

5. In accordance with 28 U.S.C. § 1446(a), Nationwide attaches as **Exhibit 2** to this Notice of Removal a copy of all process, pleadings, and orders filed in the State Court Action.

6. Nationwide attaches as **Exhibit 3** an index of all filings made in the State Court Action.

## III.    GROUNDS FOR REMOVAL

7. Pursuant to 28 U.S.C. § 1441, Nationwide removes this action to the district court of the United States for the district and division embracing the place where the action is pending. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds

2

$75,000, exclusive of interest and costs. Further, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446 because it is being filed within thirty days after Nationwide first received notice of the filing of this action and a copy of Plaintiffs' Petition.[1]

**A.      Complete diversity of citizenship exists between the parties.**

8.      Plaintiff Rialto is a Delaware limited liability company. Pet. ¶ 2. Upon information and belief, Plaintiff Rialto is wholly owned by its sole member (Lennar Corporation), a publicly traded corporation incorporated in Delaware, with its principal place of business in Florida.[2] Accordingly, Plaintiff Rialto is a citizen of Delaware and Florida for purposes of determining diversity jurisdiction.

9.      Plaintiff CML is a Florida limited liability company. Pet. ¶ 1. Upon information and belief, Plaintiff CML has its principal place of business in Florida and its sole member and/or manager is Delaware limited liability company (and Plaintiff) Rialto Capital Management, LLC, with citizenship in Delaware and Florida, as outlined in Paragraph 8, above.[3] Accordingly, upon

---

[1] Plaintiffs informally provided Nationwide counsel with the Petition on March 30, 2020. Plaintiffs have not yet served Nationwide with a summons or the Petition.

[2] Although Plaintiffs' Petition is removable on its face under 28 U.S.C. § 1332, out of an abundance of caution, Nationwide offers certain filings submitted to the United States District Court for the District of Oregon on behalf of Rialto Capital Management, LLC, which outlines Plaintiff Rialto's ownership structure as of November 16, 2010, attached as **Exhibit 4**. Upon information and belief, Lennar Corporation remains the sole owner and member of Plaintiff Rialto. Nationwide further submits certain filings submitted to the Florida Secretary of State and Delaware Secretary of State on behalf of Rialto's sole member, Lennar Corporation, that demonstrate Lennar Corporation's corporate citizenship in Florida and Delaware, attached as **Exhibits 5** and **6**, respectively. *See, e.g.*, *GMAC Commercial Credit LLC v. Dillard Department Stores, Inc.,* 357 F.3d 827, 829 (8th Cir. 2004) (noting "an LLC's citizenship is that of its members for diversity jurisdiction purposes").

[3] Nationwide asserts, upon information and belief, that the LLC membership of CML-MO HAF, LLC follows the structure outlined in **Exhibit 4** for CML-OR 5th, LLC, i.e., CML-MO HAF, LLC's sole member is Rialto Capital Management, LLC, a limited liability company wholly owned by Lennar Corporation. Accordingly, CML-MO HAF, LLC is a citizen of Florida and Delaware for purposes of diversity jurisdiction. Should the Court deem the allegations in Plaintiffs' Petition and Nationwide's good-faith assertion inadequate for establishing Plaintiffs' citizenship, Nationwide requests the Court allow the parties to conduct certain limited jurisdictional discovery to definitively determine the membership of Plaintiffs CML and/or Rialto. *See KC Ravens, LLC v. Micah Energy Corp.*, No. 4:13-00870-CV-DGK, 2013 WL 12159426, at *1 (W.D. Mo. Oct. 17, 2013) (ordering limited jurisdictional discovery and noting that "[b]ecause LLC membership information is rarely a matter of public record, a party, who in good-faith on the basis of limited information, invokes diversity jurisdiction against an LLC may need to conduct jurisdictional discovery to convince the court that jurisdiction exists").

3

information and belief, Plaintiff CML is a citizen of Delaware and Florida for purposes of determining diversity jurisdiction.

10. Plaintiffs allege Nationwide is a foreign insurance corporation doing business in Missouri, with its principal place of business in Columbus, Ohio. Pet. ¶ 3. Indeed, Nationwide was and is a non-citizen of Missouri, Florida, and Delaware.[4]

11. Accordingly, complete diversity of citizenship exists between the parties because Plaintiffs are not citizens of the same state as Nationwide. *See* 28 U.S.C. § 1332(a)(1).

**B.      The amount-in-controversy is satisfied.**

12. "The sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy[.]" 28 U.S.C. §§ 1332(a), 1441(a). "However, where the plaintiff does not demand a specific sum, the federal court may retain jurisdiction if defendant proves 'by the preponderance of the evidence, that the amount in controversy exceeds [$75,000].'" *Pleasant v. Noble Fin. Corp.*, 54 F. Supp. 3d 1071, 1076 (W.D. Mo. 2014) (quoting § 1446(c)(2)). In making this determination, "the question is not whether the damages will exceed the jurisdictional amount, but whether a fact finder might legally find that the damages exceed that amount." *Waltz v. FedEx Office & Print Servs., Inc.*, No. 2:12-CV-04188-NKL, 2012 WL 5386058, at *1 (W.D. Mo. Nov. 2, 2012) (citing *Bell v. Hershey*, 557 F.3d 954, 959 (8th Cir. 2009)). "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 790 (8th Cir. 2012).

---

[4] Nationwide Mutual Insurance Company is a company organized, incorporated, and existing under the laws of the State of Ohio, with its principal place of business in Columbus, Ohio. Nationwide is, therefore, a citizen of Ohio for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

4

13. Here, under Counts I and III, Plaintiffs seek certain compensatory damages. Plaintiffs particularly allege they "have incurred substantial legal fees and expenses in defending the Underlying Litigation." Pet. at ¶ 22. In Count III, Plaintiffs seek punitive damages and attorney's fees. Pet. at 5-7.

14. Under Count I, Plaintiffs assert a claim against Nationwide for "breach of contract" related to Nationwide's alleged "denial of coverage and refusal to defend CML and Rialto in the Underlying Litigation."[5] Pet. ¶ 20. In Counts II through VIII of the Amended Petition in the Underlying Litigation, Plaintiff Vogue Condominiums Owners Association seeks judgment against certain defendants, including CML and/or Rialto, "jointly and severally in an amount that will reasonably compensate Plaintiff for its losses, which losses will exceed $75,000.00 . . . ." Underlying Litigation Am. Pet. at 25 (Count II); 27 (Count III, for "breach of implied warranty," the only count in which Plaintiff does not plead Defendants are liable jointly and severally); 31 (Count IV); 33 (Count V); 35-36 (Count VI); and 41 (Count VIII, against CML and other defendants for "violation of the condominium act,"), attached as **Exhibit 7**.

15. In addition to the at least $75,000 Plaintiffs may be subject to in the Underlying Litigation (which, in turn, Plaintiffs may seek from Nationwide in the instant action), this Court must also take into account Plaintiffs' claim for attorney's fees in calculating the amount in controversy for satisfying the jurisdictional minimum. Pet. at ¶ 22, p. 7; *see Harleman Mfg., LLC v. Pengo Corp.*, No. 14-cv-03498-MDH, 2015 WL 1275444, at *2 (W.D. Mo. Mar. 19, 2015) (finding plaintiff's prayer for attorney's fees counted towards the jurisdictional minimum for

---

[5] According to the Missouri Practice Series, "[u]pon an insurer's wrongful refusal to defend, an insured may, in an action for breach of contract, recover from the insurer damages suffered by reason of the insurer's conduct. Such contractual damages may include attorney's fees incurred in defending an action brought by an injured third party, the payment of a judgment, and the amount paid in a bona fide settlement." 30 Mo. Prac., Insurance Law & Practice § 5:31 (2d ed.) (citing *Hyatt Corp. v. Occidental Fire & Cas. Co. of N.C.*, 801 S.W.2d 382 (Mo. Ct. App. 1990)).

diversity jurisdiction); *see also Feller v. Hartford Life and Acc. Ins. Co.*, 817 F. Supp. 2d 1097, 1104 (S.D. Iowa 2010) (citing *Capitol Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992) and noting "it is well settled that the amount claimed for attorneys fees must be added to the principal sum sued for in determining the amount in controversy. . ."). As part of Count I, Plaintiffs CML and Rialto specifically allege they have already incurred "legal fees and expenses in defending the Underlying Litigation, in an amount in excess of $75,000." Pet. ¶ 22; *see also Bull v. Federated Mut. Ins. Co.*, No. 2:16-cv-00056 KGB, 2017 WL 11285592, at *2 (E.D. Ark. Mar. 16, 2017) ("In a declaratory judgment action to determine whether an insurer is obligated to defend and indemnify an insured in a separate lawsuit, 'the amount in controversy . . . ordinarily equals the probable cost of defense and indemnification of the underlying litigation less an applicable deductible.'") (quoting *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 932-33 (8th Cir. 2010)); *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 n.11 (3d Cir. 2016) ("Attorney's fees do not generally constitute part of the amount in controversy because the successful party typically does not collect its attorney's fees. As an exception to that rule, however, courts include attorney's fees in the amount-in-controversy calculation when, as in this case, their payment is provided for by the terms of an underlying contract.") (citing 14AA Charles Alan Wright, et al., *Fed. Prac. & Proc.* § 3712 (4th ed. 2016)). Accordingly, the legal fees allegedly incurred by Plaintiffs to date in the Underlying Litigation alone satisfy the amount-in-controversy. No other claim for relief even need be considered.

16. Past legal fees aside, and under Count III, Plaintiffs further request the Court award them a separate and distinct category of attorney's fees in pursuing the instant litigation which, when added to the more than $75,000 Plaintiffs may be subject to in the Underlying Lawsuit, would push Plaintiffs well past the $75,000 jurisdictional minimum. Pet. at 7 (requesting

6

Plaintiffs' "attorneys' fees and costs in pursuing this action"); *see also Feller*, 817 F. Supp. 2d at 1107-08 (noting that, "[a]fter reviewing the various conclusions of other courts, this Court finds that it is rational to include the future legal expenses in calculating the amount in controversy," and finding "that the practicalities of law practice make it entirely likely that legal expenses could be incurred that exceed $25,000" in a breach of contract and bad-faith denial of coverage case with $50,000 in insurance benefits); *see also Fuller v. Hartford Life Ins. Co.*, 281 F.3d 704, 708-09 (affirming award of $125,000 in attorney's fees in insurance litigation resolved at the summary judgment phase).

17.     Finally, Plaintiffs request the Court award punitive damages pursuant to Count III, "Breach of the Duty of Good Faith and Fair Dealing." Pet. at 6-7. "Punitive damages are included in determining the amount in controversy, unless it is apparent to a legal certainty that punitive damages may not be recovered." *Frump ex rel. Aubuchon v. Claire's Boutiques, Inc.*, No. 10-1106-CV-W-SWH, 2011 WL 1103055, at *4 (W.D. Mo. Mar. 2011); *see also Harleman Mfg., LLC*, 2015 WL 1275444, at *2 (finding punitive damages count toward the jurisdictional minimum for diversity jurisdiction); *Watson v. Wells Fargo Bank, N.A.*, No. 4:18-CV-1163-RWS, 2018 WL 3742743, at *1 (E.D. Mo. Aug. 7, 2018) (citing *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001)); *Slocum v. Gerber Products Co.*, No. 2:16-cv-04120-NKL, 2016 WL 3983973, at *3 (W.D. Mo. July 25, 2016).

18.     In Missouri, a cause of action for "bad faith," for instance, is an independent tort supporting the submission of punitive damages in certain circumstances. *See, e.g., Shobe v. Kelly*, 279 S.W.3d 203 (Mo. Ct. App. 2009) (evidence supported punitive damages award of $500,000 for insurer's bad faith). In support of their instant punitive damages claim, Plaintiffs allege Nationwide's conduct in denying coverage "was without a reasonable basis, and the excuse

7

manufactured by Nationwide to deny coverage was without sufficient investigation and was made with Nationwide's knowledge that it lacked a sufficient basis for denying coverage." Pet. ¶ 30; *see also Feller*, 817 F. Supp. 2d at 1104 (denying motion to remand in light of prospect that fact finder would only need to award bad faith punitive damages "for an amount slightly greater than half of the [$50,000] contractual amount sought" to outstrip the $75,000 jurisdictional threshold). Again, standing alone, the punitive damages claim may satisfy the amount-in-controversy. *See Shobe*, 279 S.W.3d 203. This punitive damages claim nonetheless—coupled with the more than $75,000 Plaintiffs may be subject to in the Underlying Litigation and Plaintiffs' separate requests for awards of attorney's fees—pushes the amount in controversy clear beyond the $75,000 jurisdictional threshold.

19. Thus, based on the allegations contained in Plaintiffs' Petition, a fact finder could legally find the amount-in-controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(A)(i).

## C. Removal is timely.

20. Nationwide received informal notice of the filing of this action and a copy of Plaintiffs' Petition on March 30, 2020.

21. This Notice of Removal is timely because it is filed within thirty days after Nationwide first received a copy of Plaintiffs' Petition, and because it is filed less than one year after this action commenced. *See* 28 U.S.C. § 1446(b) and (c).

## IV. VENUE IS PROPER

22. Pursuant to 28 U.S.C. § 116(c), the United States District Court for the Western District of Missouri is the federal judicial district encompassing the Circuit Court of Jackson County, Missouri, where this lawsuit was originally filed. Venue is therefore proper in this district under 28 U.S.C. § 1441(a).

8

## V. FILING OF REMOVAL PAPERS

23. Pursuant to 28 U.S.C. 1446(d), Nationwide will promptly file a Notice of Filing Notice of Removal, attaching thereto a copy of this Notice of Removal and the documents attached to this Notice of Removal, with the clerk of the court for the Circuit Court of Jackson County, Missouri where the instant action was pending, and will serve a copy of the same upon counsel for Plaintiffs.

## VI. CONCLUSION AND PRAYER

24. Nationwide has satisfied all conditions and procedures for removal. If any questions of the propriety of this removal arise, Nationwide respectfully requests an opportunity to present a brief and argument as to why removal is proper. By filing this Notice of Removal, Nationwide does not waive any jurisdictional or other defenses that might be available to it. In addition, Nationwide expressly reserves the right to move for dismissal of some or all of Plaintiffs' claims, and reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Nationwide respectfully removes the above-captioned action from the Circuit Court of Jackson County, Missouri to the United States District Court for the Western District of Missouri pursuant to 28 U.S.C. §§ 1441, 1446, and 1332.

Respectfully submitted,

*/s/ Douglas S. Beck*
SHOOK, HARDY & BACON L.L.P.
Douglas S. Beck          MO #49984
W. Clark Richardson      MO #66948
2555 Grand Blvd.,
Kansas City, MO 64108
(816) 474-6550 (telephone)
(816) 421-5547 (facsimile)
dbeck@shb.com
wrichardson@shb.com

9

*Attorneys for Defendant Nationwide Mutual Insurance Company*

10

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I sent an electronic copy of the foregoing document on April 28, 2020, to all counsel of record set forth below. A physical copy of the foregoing document is to be mailed via U.S. Mail as soon as is practicable.

Thomas R. Larson, MO #26114
Scott A. Wissel, MO #49085
M. Cory Nelson, MO #63357
1010 Walnut Street, Suite 500
Kansas City, Missouri 64106
(816) 421-2500
(816) 472-2500 (fax)
trlarson@lewisricekc.com
sawissel@lewisricekc.com
cnelson@lewisricekc.com
ATTORNEYS FOR PLAINTIFFS

*/s/ Douglas S. Beck*
*Attorney for Defendant Nationwide*
*Mutual Insurance Company*