# EXHIBIT 1

Electronically Filed - Jackson - Independence - March 30, 2020 - 03:24 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

| | |
|---|---|
| CML-MO HAF, LLC, | ) |
| | ) |
| and | ) |
| | ) |
| RIALTO CAPITAL MANAGEMENT, LLC, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )     Case No. _____ |
| | ) |
| NATIONWIDE MUTUAL INSURANCE | )     Division __ |
| COMPANY, | ) |
| | ) |
| Serve at: | ) |
| c/o Director of Insurance | ) |
| 301 W. High Street, Room 530 | ) |
| Jefferson City, MO 65101 | ) |
| | ) |
| Defendant. | ) |

## PETITION

COME NOW Plaintiffs CML-MO HAF, LLC ("CML") and Rialto Capital Management, LLC ("Rialto") (collectively, "Plaintiffs"), by and through undersigned counsel, and for their cause of action against the Defendant, state as follows:

### Parties, Jurisdiction, and Venue

1.      Plaintiff CML-MO HAF, LLC is a Florida limited liability company, which is authorized to do business in Missouri.

2.      Rialto Capital Management, LLC is a Delaware limited liability company, which is a defendant in a lawsuit filed in Missouri, as more fully described herein.

3.      Defendant Nationwide Mutual Insurance Company ("Defendant" or "Nationwide") is a foreign mutual insurance corporation, which is authorized to do business in Missouri, with its principal place of business in Columbus, Ohio.  Nationwide may be served by serving the director of insurance at the address stated above.

4. The claims set forth herein arise out of and relate to a lawsuit pending in the Circuit Court of Jackson County, Missouri and the rights, duties and obligations of the parties arising out of insurance contracts issued by Defendant and as they relate to said lawsuit. Therefore, jurisdiction and venue are proper in this Court.

<u>**General Allegations**</u>

5. Plaintiffs are defendants in a lawsuit captioned, *Vogue Condominiums Association v. Hartley's Appliance and Furniture, Inc. et al.*, pending in the Circuit Court of Jackson County Missouri, Case No. 1716-CV25285 ("Underlying Litigation").

6. In the Underlying Litigation, the Vogue Condominiums Association and certain owners of condominiums assert numerous claims against Plaintiffs, certain of Plaintiffs' employees and contractors, and others. As is relevant to this matter, there are substantial claims asserted in the Underlying Litigation that arise from or relate to water damage to condominiums and common elements at the Vogue Condominiums in Lee's Summit, Missouri ("the Property").

7. From March 2011 to December 20, 2016, certain portions of the Property were owned by CML, including individual residential units, commercial units, and undivided shares in the common elements of the Vogue Condominiums corresponding to those units. During that same timeframe, Rialto and CML were affiliated companies and Rialto provided certain asset management services to CML.

8. During CML's ownership period, it entered into a series of contracts with Dill Enterprises, Inc. ("Dill"), pursuant to which Dill was to act as a general contractor with respect to various repairs to the Property. Specifically, Dill and CML entered into contracts dated May 17, 2012, June 6, 2012, August 21, 2014, January 30, 2015, and March 10, 2015. Dill was still performing work at the Property pursuant to one or more of said contracts until at least mid-March 2016.

2

9.      The contracts between Dill and CML required Dill to indemnify CML for claims and damages arising out or related to Dill's performance under its contracts.  Said contracts also required Dill to name Rialto and its affiliates as additional insureds under Dill's liability insurance policies.  Specifically, the contracts required Dill to maintain commercial general liability insurance which included an Additional Insured Endorsement (equivalent to an ISO CG 20 10) naming as an additional insured "Rialto including its subsidiaries, partners, partnerships, affiliated companies, successors and assigns."

10.      Defendant Nationwide insured Dill during the times of Dill's performance of its contracts with CML, pursuant to multiple Nationwide policies, including policies bearing the following numbers:  ACGLOP7152491481, ACPGLOP7162491481, ACP7172491481, and ACP7102491481 (the "Policies").

11.      The Policies contained an "Additional Insured" endorsement which amended the Policies to include as an additional insured any person or organization for whom Dill is performing operations when Dill and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy.

12.      The Additional Insured Endorsement further provided coverage for additional insureds "with respect to liability for . . . 'property damage' . . . caused, in whole or in part, by: 1. [Dill's] acts or omissions; or 2. The acts or omissions of those acting on [Dill's] behalf in the performance of [Dill's] ongoing operations for the additional insured."

13.      The Underlying Litigation involves numerous items of claimed damage.  Included within the damages sought in the Underlying Litigation are several claims seeking to recover for claimed property damage which was caused in whole or in part either by Dill's acts or omissions or the acts or omissions of subcontractors acting on Dill's behalf.  Further, some of the claimed resulting damage to other parts of the Property is alleged to have occurred while Dill was still

3

performing work, pursuant to its contacts with CML. Specifically, the Underlying Litigation includes numerous complaints of, without limitation:

- physical damage to property caused by the negligence of Dill and/or Dill's stucco subcontractor, C&M Restoration, Inc. ("C&M"), and/or C&M's subcontractor, Heartland Stucco. Specifically, those damage claims include, among other claims, (a) negligent failure of the stucco contractor to advise of wet and damaged substrate and framing resulting in failure to repair same, (b) negligent failure of Dill to repair and replace wet and damaged substrate and framing, and (c) negligent failure of Dill to conduct a reasonable investigation to locate additional areas of wet and damaged substrate and framing, all of which is alleged to have caused immediate additional water intrusion, water damage, and wood rot to the stucco system and underlying substrate and framing; and

- Dill's door and window subcontractor, Excel Window and Door, did not complete work for which it was paid, covered up water damage, and failed to investigate and address the source of water intrusion and wood rot at issue, causing immediate and further water intrusion, water damage, and wood rot to other parts of the building.

14. The plaintiffs in the Underlying Litigation assert that the damage to other portions of the Property caused by the negligent acts or omissions of Dill or its subcontractors occurred well before Dill completed its work at the Property in March or April 2016.

15. The Policies also provided that Nationwide has "the right and duty to defend the insured against any 'suit' seeking damages" to which the Policies apply.

16. Plaintiffs herein notified Defendant of the claims asserted against them in the Underlying Litigation.

17. Nationwide denied coverage to Plaintiffs on the ground that the Policies do not provide coverage for Plaintiffs for damages occurring after Dill completed its work at the Property.

## Count I – Breach of Contract

18. Plaintiffs incorporate the allegations of the foregoing paragraphs as if fully set forth herein.

19. Plaintiffs are entitled to coverage under the Nationwide Policies for the insured portion of the property damage sought by plaintiffs in the Underlying Lawsuit.

20. Defendant's denial of coverage and refusal to defend CML and Rialto in the Underlying Litigation breached Defendant's contractual obligations under its Policies.

21. Plaintiffs have been damaged by Nationwide's failure to honor the terms of its insuring agreement as set forth above.

22. Plaintiffs have incurred substantial legal fees and expenses in defending the Underlying Litigation, in an amount in excess of $75,000.

WHEREFORE, Plaintiffs CML-MO HAF, LLC and Rialto Capital Management, LLC pray for judgment under Count I against Defendant Nationwide Mutual Insurance Company, for compensatory damages in an amount to be determined at trial, costs and expenses, pre- and post-judgment interest as provided by applicable law, and all such other relief to which the Court deems Plaintiffs to be justly entitled.

## Count II – Declaratory Judgment

23. Plaintiffs incorporate the allegations of the foregoing paragraphs as if fully set forth herein.

24. Pursuant to MO Rev Stat § 527.010, *et seq.*, Plaintiffs seek a declaration of the rights, duties and obligations of the parties as required by Policies.

25.    Specifically, Plaintiffs seek a declaration that:

   a.    They are insureds under the Policies; and

   b.    The Underlying Litigation seeks damages to which the Policies apply; and

   c.    Defendant's obligation under the Policies to defend CML and Rialto against the claims asserted in the Underlying Litigation was and is triggered; and

   d.    The Policies insure against damages sought in the Underlying Litigation for property damage to other portions of the building and to any damages caused by any subcontractor of Dill; and

   e.    That Nationwide shall be required to indemnify Plaintiffs for any property damage award against them in the Underlying Litigation, which damage is covered under the Policies; and

   f.    That Nationwide has had and continues to have an obligation to defend Plaintiffs in the Underlying Litigation.

WHEREFORE, Plaintiffs CML-MO HAF, LLC and Rialto Capital Management, LLC pray for judgment under Count II against Defendant Nationwide Mutual Insurance Company, pursuant to MO Rev Stat § 527.010, *et seq.*, declaring the rights, duties and obligations of the parties as required by Policies and as determined by this court, including the declarations requested above and such other further declarations as the Court deems just and proper in the premises.

## Count III – Breach of the Duty of Good Faith and Fair Dealing

26.    Plaintiffs incorporate the allegations of the foregoing paragraphs as if fully set forth herein.

27.    Nationwide's obligations under the Policies include an implied duty to act in good faith in dealing with its insureds with respect to claims and the defense of lawsuits.

28. Nationwide has received and has available to it extensive information about this claim and the fact that the Underlying Litigation involves claims for recovery of damages for "property damage" which was caused in whole or in part by either by Dill's acts or omissions or the acts of subcontractors acting on Dill's behalf.

29. Rather than provide Plaintiffs the insurance and the defense they are entitled to, Nationwide denied the claim based on an unreasonable interpretation of the Policies and/or an unreasonable interpretation of the facts and claims asserted in the Underlying Litigation.

30. The denial of coverage by Nationwide was without a reasonable basis, and the excuse manufactured by Nationwide to deny coverage was without sufficient investigation and was made with Nationwide's knowledge that it lacked a sufficient basis for denying coverage. The denial of coverage was therefore in complete disregard of the rights of Nationwide's insureds, and constituted a violation of Nationwide's duty and contractual obligation of good faith toward Plaintiffs. As a result, Plaintiffs are entitled to their attorneys' fees for pursuing this action as well as punitive damages to deter Nationwide and others from engaging in similar conduct in the future.

WHEREFORE, Plaintiffs CML-MO HAF, LLC and Rialto Capital Management, LLC pray for judgment under Count III against Defendant Nationwide Mutual Insurance Company, for compensatory damages in an amount to be determined at trial, their attorneys' fees and costs in pursuing this action, punitive damages, costs and expenses, pre- and post-judgment interest as provided by applicable law, and all such other relief to which the Court deems Plaintiffs to be justly entitled.

7

Electronically Filed - Jackson - Independence - March 30, 2020 - 03:24 PM

Respectfully submitted,

**LEWIS RICE LLC**

 /s/ Thomas R. Larson
Thomas R. Larson, #26114
Scott A. Wissel, #49085
M. Cory Nelson, #63357
1010 Walnut, Suite 500
Kansas City, Missouri 64106
(816) 421-2500
(816) 472-2500 (fax)
trlarson@lewisricekc.com
sawissel@lewisricekc.com
cnelson@lewisricekc.com
ATTORNEYS FOR PLAINTIFFS